IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-1316-D |
| ) | |
| JERRY NILES, Sheriff, Garfield ) | |
| County Jail; JENNIFER NILES, ) | |
| Jail Administrator; NANCY ) | |
| STANLEY, Supervisor; RHONDA ) | |
| BRADLEY, Booking Supervisor; ) | |
| VENASSA GAY, Nurse, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On November 25, 2014, Lee Cotton (Plaintiff), a state pretrial detainee appearing pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 seeking damages for alleged violations of his constitutional rights at the Garfield County Jail. Doc. 1. (*Cotton III*). United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

The undersigned has conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and recommends that this action be dismissed on the grounds that it is duplicative of other cases pending before this Court and is, consequently, frivolous. *See McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical

causes of action may be dismissed under § 1915 as frivolous or malicious.") (internal quotation marks omitted).[1]

## I. The claims in *Cotton III*, Plaintiff's present action.

Plaintiff names the following five Defendants: Jerry Niles, Sheriff; Jennifer Niles, Jail Administrator; Nancy Stanley, Supervisor; Rhonda Bradley, Booking Supervisor; and Venassa Gay, Nurse. Doc. 1, at 1-3.[2] He generally complains about conditions allegedly confronted by those confined in the Garfield County Jail:

- There is not a functioning restroom or water fountain in the recreation area and "there are over 60 prisoners on this pod that uranate in the showers daily and also has to drink water from the shower." *Id.* at 5.[3]

- "We wear the same clothes all week and a good 87% percent of the time they do not let us out of our cell . . . ." *Id.*

- Cell checks are not routinely conducted and responses to emergency call buttons are delay or ignored. *Id.* at 7.

- The facility does not have a law library and prisoners "only get to see our attorney when we go to court to make a deal." *Id.* at 8.

---

[1] Plaintiff did not submit a filing fee with his complaint.

[2] Citations to documents reflect this Court's CMECF designations.

[3] Plaintiff's practice is to variously capitalize words in his sentences. In quoting Plaintiff, the undersigned uses the lower case where appropriate. With that exception and unless otherwise indicated, quotations in this report are reproduced verbatim.

2

- "[T]he people that hand out medication is unquilified to do so." *Id.* at 3.

Plaintiff specifically complains that he "was told by this medical staff that if someone would bring up a perscrition of my medication that this facility would fullfill the perscription." *Id.* at 4, 6. He alleges that his sister went to his doctor, had a prescription filled for "something that helps me to maintain a good status for my health conditions," "and brung it up to this facility and then they refuse to fill out my perscription." *Id.*

Plaintiff requests monetary relief. *Id.* at 9.

## II. The claims in *Cotton I* and *Cotton II*, Plaintiff's pending actions.

### A. *Cotton v. Garfield County Jail*, Case No. CIV-14-743-D (W.D. Okla. July 15, 2014) (*Cotton I*).

Naming the same five *Cotton III* Defendants, *Cotton I*, Doc. 1, at 1-3, Plaintiff complains of the following:

- "They changed my medication that I was supposed to be taking to maintain a proper health." *Id.* at 2. "[T]hey left me on suicide watch for (3) three long weeks without my medication are anything." *Id.* They "took away my perscriptions that keep me mentally balanced." *Id.* at 5. "They have no psychiatrist or mental doctor to help provide me my proper medication." *Id.* "They have no one proper to pass out medication in the evening . . . ." *Id.* at 4. "Several times in the evening they have had this officer giving me someone else medication." *Id.* at 5. "[T]hey have these outrageous prices to see the nurse or the doctor, $8 for the nurse and $20 for the doctor?" *Id.* at 5-6.

- "They made me go (7) seven days without taking a shower and (3) days without tissue." *Id.* at 2, 8-9.

- The food is served cold a lot of times and drinks are pushed around all over this building without a cover . . . . *Id.* at 4. The drinks have trash in them and both food and drinks frequently contain human hair. *Id.* at 7. "The meals or not even balanced." *Id.*

- There is racial discrimination against "us black's." *Id.* at 11.

Plaintiff seeks monetary relief. *Id.* at 13.

### B. *Cotton v. Garfield County Jail*, Case No. CIV-14-1078-D (W.D. Okla. Oct. 1, 2014) (*Cotton II*).

Naming the same five *Cotton I* and *Cotton III* Defendants, *Cotton II*, Doc. 1, at 1-3, Plaintiff generally complains of the following conditions allegedly confronted by those confined in the Garfield County Jail:

- There is not a functioning restroom or water fountain in the recreation area and "there are over 60 prisoners on this pod that uranate in the showers daily and also has to drink water from the shower." *Id.* at 5.

- "We wear the same clothes all week and a good 87% percent of the time they do not let us out of our cell . . . ." *Id.*

- "There is no medical over weekends nor in the evenings." *Id.* at 4. "This medical has no one that is qualified to pass out medication they be giving people the wrong perscription nor do they wear gloves to pass out the medication." *Id.*

- Cell checks are not routinely conducted and responses to emergency call buttons are delay or ignored. *Id.* at 7.

- The facility does not have a law library and prisoners "only get to see our attorney when we go to court to make a deal." *Id.* at 8.

Plaintiff specifically complains that he "was told by this medical staff that if someone would bring up a perscrition of my medication that this facility would fullfill the perscription." *Id.* at 6. He alleges that his sister went to his doctor, had a prescription filled for "something that helps me to maintain a good status for my health conditions," "and brung it up to this facility and then they refuse to fill out my perscription." *Id.*

As relief, Plaintiff seeks monetary damages. *Id.* at 9.

### III. Status of *Cotton I* and *Cotton II.*

Plaintiff paid his initial partial filing fee in *Cotton I* and service and a special report have been ordered. In *Cotton II,* Judge Purcell has recommended that Plaintiff's action be dismissed for failure to pay his initial partial filing fee.

### IV. Analysis.

"Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the . . . actions." *Ford v. Mischeviz*, 68 F. App'x 877, 878 (10th Cir. 2003) (brackets and internal quotation marks omitted). Under that definition and as demonstrated by the explication of Plaintiff's claims in *Cotton I* and *Cotton II*, *Cotton III* is duplicative.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Id.* (citation omitted). "The power is meant to foster judicial economy and the

comprehensive disposition of litigation. The doctrine is also meant to protect parties from the vexation of concurrent litigation over the same subject matter." *Id.* (internal quotation marks omitted).

The dismissal of this action – Plaintiff's latest round of voicing similar complaints against the same five Defendants – is warranted.

## V. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends that Plaintiff's action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 22, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 2nd day of December, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE